**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MILES O. BONTY, | No. 12-15075 |
| Plaintiff - Appellant, | D.C. No. 5:10-cv-05360-LHK |
| v. | |
| J. RAMSEY, Correctional Officer; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Lucy Koh, District Judge, Presiding

Submitted May 14, 2013[**]

Before:    LEAVY, THOMAS, and MURGUIA, Circuit Judges.

California state prisoner Miles O. Bonty appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging deliberate

indifference, excessive force, and retaliation.  We have jurisdiction under 28

_____

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004), and we affirm.

The district court properly granted summary judgment on Bonty's deliberate indifference claim because, even though defendants likely knew of a substantial risk of serious harm to Bonty's safety as a result of another inmate's threats, Bonty failed to raise a genuine dispute of material fact as to whether they consciously disregarded such a risk. *See Farmer v. Brennan*, 511 U.S. 825, 833-35, 844 (1994) (setting forth elements of deliberate indifference and noting that prison officials are not liable if they knew of an objectively substantial risk to inmate safety but responded reasonably to the risk, even if the harm ultimately was not averted).

The district court properly granted summary judgment on Bonty's excessive force claim because, even though defendants likely used force prematurely to prevent an inmate assault from escalating, Bonty failed to raise a triable dispute as to whether the force they used was objectively unreasonable or meant to maliciously or sadistically harm him. *See Whitley v. Albers*, 475 U.S. 312, 320-21, 324-26 (1986) (setting forth elements of excessive force claim, and concluding that officer's use of force in a good-faith effort to restore discipline during a prison riot was not unconstitutional despite the officer's failure to give a verbal warning before shooting inmate).

2

12-15075

The district court properly granted summary judgment on Bonty's retaliation claim because Bonty failed to raise a triable dispute as to whether defendants' conduct was motivated by retaliatory animus or failed to advance valid penological interests. *See Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005) (setting forth elements of retaliation); *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985) (preserving internal order and security is a valid correctional goal).

The district court did not abuse its discretion in denying Bonty's motion for reconsideration because Bonty failed to establish that the erroneous exclusion of certain properly-subscribed declarations in opposition to summary judgment was prejudicial or satisfied one of the grounds for reconsideration. *See Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and listing grounds warranting reconsideration under Fed. R. Civ. P. 60(b)); *see also Orr v. Bank of Am., NT&SA*, 285 F.3d 764, 773 (9th Cir. 2002) (exclusion of evidence on summary judgment only constitutes an abuse of discretion if it is "manifestly erroneous *and* prejudicial" (emphasis in original; citations omitted)).

Bonty's contentions regarding the allegedly erroneous exclusion of his opposition and sur-reply briefs on summary judgment are unpersuasive.

**AFFIRMED.**